MATTER OF L——F——Y——

In SECTION 249 Proceedings

A-11432979

*Decided by Assistant Commissioner March 9, 1960*

Record of lawful entry—Eligibility under section 249 based on entry prior to July 1, 1924, requires creation of record as of date of entry—Expunges known grounds of deportability based on events prior to date of approval.

(1) An alien qualified for registry under amended section 249 of the act who has resided in the United States since 1921 is entitled to have a record of lawful admission created as of the date of such entry notwithstanding subsequent unlawful reentries without inspection in 1924 and 1930.

(2) Creation of a record of lawful admission as of a date prior to July 1, 1924, expunges known grounds of deportability in existence prior to the date of approval of the application under section 249.

### BEFORE THE ASSISTANT COMMISSIONER

**Discussion:** The applicant, a 59-year-old native and citizen of China, first entered the United States on February 11, 1921. He was admitted under the name of L——W——J—— as a United States citizen based on his allegation that he was the son of L—— L——, a United States citizen. He then obtained a certificate of identity as a United States citizen and by means of that certificate he gained entry into the United States on September 5, 1924, and May 14, 1930, as a United States citizen after temporary visits to China. He is married to a native and citizen of China presently residing in Hong Kong and he has one son residing in Long Island, New York.

On April 15, 1959, in a sworn statement made before an officer of this Service, the applicant stated that his true father, L——L——F——, was a native and citizen of China who had never been a United States citizen, and that his alleged father, L——L——, was actually not related to him. On May 12, 1959, the application under consideration was submitted.

On July 15, 1959, the district director found that the applicant had established that he was eligible for the benefits sought and created a record of lawful entry as of that date. On September 4, 1959, the applicant submitted a motion for reconsideration alleging that a record of lawful entry should have been created as of Febru-

601

ary 11, 1921, the date on which he first entered the United States. The district director denied the motion and submitted the case to the Regional Commissioner for concurrence. The Regional Commissioner concurred in the decision of the district director and the case has come forward for review.

The district director, in making his decision, concluded that if a record of lawful entry for permanent residence was created as of a date prior to July 1, 1924, the applicant would still be deportable under section 241(a) (2) of the act by reason of his entries without inspection on September 5, 1924, and May 14, 1930. He further concluded that creation of a record of lawful admission for permanent residence as of the date of approval of the application would expunge any ground of deportation based on actions arising prior to the date of approval.

Prior to its amendment by the Act of August 8, 1958 (72 Stat. 546), section 249 contained a requirement that the applicant establish that he was not subject to deportation. The amended section 249 no longer contains that requirement; therefore, no determination as to deportability need be made in adjudicating an application under that section of law.

The pertinent portion of section 249, as amended, now reads: "A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application *or, if entry occurred prior to July 1, 1924, as of the date of such entry,* if no such record is otherwise available * * *" (emphasis supplied). The bill which became the Act of August 8, 1958 was amended by the committee of the Congress which had it under consideration and the emphasized portion was added. The committee report which accompanied the bill stated that the purpose of that amendatory language was to preserve the date for establishment of a record of lawful entry under existing law for those aliens who entered prior to July 1, 1924 (S. Rept. No. 1905, 85th Cong., 2d Sess.). In construing section 249, as amended, it is essential to bear in mind this legislaitve mandate to record lawful entry for permanent residence as of the date of entry when such entry occurred prior to July 1, 1924. It is concluded, therefore, that when an applicant establishes eligibility for relief under section 249 based on an entry prior to July 1, 1924, the record of lawful admission for permanent residence must be created as of the date of such entry.

It remains to be determined whether the applicant in this case would be deportable under section 241(a) (2) if such a record is created. The committee report cited above goes on to state that the purpose is amending section 249 was to enlarge the scope of authority

to permit discretionary consideration of the adjustment of status of aliens who are subject to deportation on generally technical grounds only. It is true that if section 241, dealing with deportation, and section 249 are read separately, it might be concluded that on the one hand Congress favored the recording of lawful entry and on the other took from the prospective beneficiary the relief granted. That is hardly an intelligent way to interpret a legislative enactment. To find on one page that the statute bestowed benefits and on another cancelled them is to attribute to Congress an irrational futility. Such absurdities are rejected by universally ratified maxims of statutory interpretation (*Lau Ow Bew* v. *United States*, 144 U.S. 47, 59 (1892); *Ozawa* v. *United States*, 260 U.S. 178, 194 (1922)). It has been held that once a record of lawful admission for permanent residence has been created pursuant to section 249 such action constitutes, for purposes of reentry, a waiver of all known grounds of inadmissibility (*Matter of S——*, A-6420797, A-4411537, Int. Dec. No. 1022). In order to effectuate the overall legislative design, it must also be held that, subject to the provisions of section 246, the creation of a record of lawful admission as of a date prior to July 1, 1924, pursuant to section 249 expunges any known ground of deportability based on events which took place prior to the date of approval of the application.

The district director's order will be amended accordingly and a record of lawful admission will be created as of February 11, 1921.

**Order:** It is ordered that a record of lawful admission be created in the name of L——F——Y as of February 11, 1921.